# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
February 4, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TIMOTHY A. MORGAN,**
**Claimant Below, Petitioner**

**vs.)  No. 14-0880** (BOR Appeal No. 2049192)
(Claim No. 2014000161)

**HENDRICKS COAL, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Timothy A. Morgan, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Hendricks Coal, LLC, by T. Jonathan Cook, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 6, 2014, in which the Board affirmed a February 7, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 8, 2013, decision rejecting the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Morgan, an equipment operator for Hendricks Coal, LLC, alleged that on June 18, 2013, he sustained an occupational injury to his left knee. On June 24, 2013, Mr. Morgan sought treatment for back pain from the Gilbert Health Center. Mr. Morgan represented that he had experienced back problems for a few days which he attributed to an injury he sustained in the early 1990's. He indicated that he had missed work on the Friday before. He complained of problems with sleeping and had experienced non work-related stressors. Mr. Morgan was prescribed Motrin 800 mg, Kenalog 40 mg, Medrol Dosepak, and Xanax 0.05 mg. On June 26, 2013, the foreman's report of accident was filed. It reflected that Mr. Morgan twisted his left

1

knee while climbing off a loader and placing his foot on an uneven surface. It also advised that there were no witnesses and Mr. Morgan did not notify his foreman until the time of the report. On June 27, 2013, the employer completed a report of occupational injury. On June 28, 2013, Mr. Morgan sought treatment for his left knee at Welch Community Hospital. He reported that he had injured his left knee at work. The x-ray examination did not reveal evidence of a fracture or dislocation. No joint effusion was noted and the only positive finding was for mild degenerative changes. Mr. Morgan was given a brace for his left knee and discharged.

On July 7, 2013, Mr. Morgan sought treatment from Welch Community Hospital for pain in the right knee which he ascribed to an injury of June 18, 2013. Mr. Morgan's right knee was referenced three times in the two-page report and an illustration of his complaints of pain clearly shows the right knee as the area of concern. However, another record from Welch Community Hospital for the same day reflects that Mr. Morgan complained of left knee pain. Mr. Morgan completed an injury report on June 28, 2013, re-alleging that he had sustained an injury to his left knee while at work. The physician's portion of the application was completed on July 8, 2013, by a representative of Welch Community Hospital. Mr. Morgan was diagnosed as having sustained a left knee sprain. On November 6, 2013, Mr. Morgan introduced an affidavit signed by him. It alleged that he had sustained a left knee injury on June 18, 2013. He indicated that he finished his shift and worked modified duty the next two days. He indicated that he had taken June 21, 2013, off as a paid day and rested over the weekend. He indicated that on June 24, 2013, a Monday, he limped through work. On Tuesday he was asked why he was limping and told the personnel manager that he was trying to manage the pain until his vacation. The personnel manager advised him this did not conform to company policy. Mr. Morgan took sick days the next two days and went to Welch Community Hospital on June 28, 2013. The claims administrator denied Mr. Morgan's claim for compensation on November 8, 2013.

Mr. Morgan testified that Tony Varney was a potential witness to his incident of injury of June 18, 2013. Mr. Morgan indicated it was his understanding that Mr. Varney had notified his shift boss Chris Ford, of the injury. Mr. Morgan confirmed that between June 18, 2013, and June 28, 2013, he had gone to a family clinic for back pain. Mr. Morgan testified that he had also informed Chris Ford of his injury prior to June 28, 2013. Mr. Morgan indicated that he originally was not interested in completing an incident report but during the 4th of July weekend, his condition deteriorated.

The Office of Judges determined that Mr. Morgan was not injured in the course of and as a result of his employment with Hendricks Coal, LLC. The Office of Judges was not persuaded by Mr. Morgan's testimony because some of his responses were implausible or contradicted by the record. The Office of Judges explained that Mr. Morgan alleged there was a witness to the injury. However, the alleged witness did not testify or submit any affidavits. Mr. Morgan testified he was on modified work for two days at the direction of his foreman, which was also uncorroborated. In addition, Mr. Morgan testified that he sought medical treatment from Gilbert Health Center on June 24, 2013. At Gilbert Health Center, Mr. Morgan complained of insomnia and low back pain but not knee pain. Mr. Morgan was asked to explain why he did not mention to the representative of Gilbert Health Center that he had a left knee injury. He stated that the facility did not treat workers' compensation claims. The Office of Judges opined that his

2

explanation was implausible because health care providers normally request updated medical histories notwithstanding whether the facility would treat the problem. The Office of Judges also noticed discrepancies in Mr. Morgan's medical history. Mr. Morgan visited Welch Community Hospital on July 7, 2013, which was after his alleged injury. The Office of Judges recognized the record reflected he sought treatment for his right knee instead of the left knee he allegedly injured at work. The Office of Judges found that the report refers to Mr. Morgan's right knee as opposed to his left knee in three separate places and that an illustration clearly identifies Mr. Morgan's right knee as the injured body part. The Office of Judges further found that this anomaly was not otherwise explained. Furthermore, the Office of Judges found that the record was clear that Mr. Morgan did not notify Hendricks Coal, LLC, by any written notice of his injury until June 28, 2013. The Office of Judges also noted that Mr. Morgan did not seek treatment until such time. Based upon the unconvincing testimony, that fact that he waited to report the injury or seek treatment, and the presence of medical records indicating it was his right knee that was injured, the Office of Judges concluded he was not injured in the course of and as a result of his employment. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the consistent decisions of the Office of Judges and Board of Review. Mr. Morgan's testimony was not persuasive. Mr. Morgan did not introduce credible evidence explaining why his witness did not testify or submit an affidavit. Mr. Morgan did not adequately justify why he did not tell Gilbert Health Center about the alleged left knee injury he sustained six days earlier. Mr. Morgan did explain why Welch Community Hospital treated his right knee as opposed to his allegedly injured left knee. Furthermore, Mr. Morgan did not seek medical treatment or report his injury in a timely fashion. Because the majority of the evidence weighed in favor of a finding that a compensable injury did not occur, the Office of Judges and Board of Review were not in error for denying his claim.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   February 4, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

3